## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

**MIDLAND NATIONAL LIFE INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**CINDEE SHERIDAN, O.R.S., a minor, A.K.S, a minor, T.J.S., a minor, A.E.S., a minor,**

**Defendants,**

1:09-cv-8

**TO:    Yolan Brow Ross, Esq.**
**Martial A. Webster, Sr., Esq.**
**Edward L. Barry, Esq.**

## FINAL DECREE OF INTERPLEADER

THIS MATTER is before the Court upon Plaintiff's Motion For the Entry of a Final Decree of Interpleader (Docket No. 16). Defendant A.E.S. filed a response to said motion, and Plaintiff filed a reply thereto.

Being advised in the premises and upon due consideration thereof,

THE COURT FINDS AS FOLLOWS:

1.     Midland National is an Iowa corporation and has its principal place of business in South Dakota.

2.      Midland National heretofore issued its life insurance Policy No. 1502327672 insuring Edgar Sheridan, Jr. ("Insured"), in the face amount of $150,000 and with a Policy Date of September 23, 1999 ("Policy").

3.      Subsequent to the Insured's death, Midland National was put on notice of adverse and conflicting claims to the Policy proceeds that became due and payable from Midland National upon the death of the Insured, and Midland National was therefore unable to discharge its admitted liability for the life insurance proceeds under the Policy on account of the death of Edgar Sheridan, Jr., without exposing itself to multiple litigation, liability, or both.

4.      Midland National filed this interpleader action to avoid multiple liability or litigation or both and is entitled to interpleader relief as requested in its motion for the entry of this Final Decree of Interpleader.

5.      The full and total liability of Midland National under the Policy and on account of the death of the Insured for insurance proceeds and interest is $150,000 plus all applicable accrued interest, which sum Midland National is prepared to deposit with the Clerk of this Court to abide the further order of this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.    This Court has personal jurisdiction of the parties to this interpleader action, namely Cindee Sheridan, O.R.S., A.K.S., T.J.S., and A.E.S. all of whom have appeared by counsel, has subject matter jurisdiction over this lawsuit, and venue is proper in this Court.

2.    Midland National is ordered to deposit its total admitted liability of $150,000 plus all applicable accrued interest with the Clerk of this Court.

3.    Upon depositing its admitted liability, Midland National will have discharged its full and total liability under Policy No. 1502327672 payable on account of the death of Edgar Sheridan, Jr., and shall have no further liability to the defendants, and each of them, and each and any person or entity claiming through or for the benefit of the defendants, or any of them, arising under the policy on account of the death of Edgar Sheridan, Jr.

4.    The defendants, Cindee Sheridan, O.R.S., A.K.S., T.J.S., and A.E.S., and each of them, and any person or entity claiming through or for the benefit of them, are permanently and perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim against Midland National in any state or federal court or any other forum with respect to the insurance proceeds payable under the Policy No. 1502327672 and on account of the

death of Edgar Sheridan, Jr., and this injunction issues without bond or surety.

5.  Midland National is excused from further attendance upon this cause and the adverse claimants shall litigate their claims to the deposited insurance proceeds which are the subject of this lawsuit without further involving Midland National.

6.  This decree is a final judgment and this Court expressly finds and determines that there is no just reason to delay enforcement of this order.

ENTER:

Dated: December 11, 2009          /s/ George W. Cannon, Jr.
                                  GEORGE W. CANNON, JR.
                                  U.S. MAGISTRATE JUDGE