# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, <br><br> **Plaintiff,** <br> v. <br><br> CINDEE SHERIDAN, O.R.S., a minor, A.K.S, a minor, T.J.S., a minor, A.E.S., a minor, <br><br> **Defendants,** | 1:09-cv-8 |

TO:     Bruce P. Bennett, Esq.
          Martial A. Webster, Sr., Esq.
          Edward L. Barry, Esq.

## ORDER

THIS MATTER is before the Court upon Defendant A.E.S.'s Motion For Partial Summary Judgment re Prejudgment Interest (Docket No. 28) and Motion of Plaintiff to Dismiss Defendants' [sic] Motion For Partial Summary Judgment Re Prejudgment Interest (Docket No. 34). Each motion has been fully briefed. Also, Defendants Cindee Sheridan, O.R.S., A.K.S., and T.J.S. moved to join Defendant A.E.S.'s reply to Plaintiff's opposition to the motion for partial summary judgment (Docket No. 32).

Defendant A.E.S. argues that the beneficiaries are entitled to prejudgment interest at the rate of 9%, pursuant to V.I. Code Ann. tit. 11 § 951(a)(4), and cites *Hartford Accident & Indemnity Co. v. Sharp*, 87 F.3d 89 (3d Cir. 1996) in support thereof.[1]

Section 951(a)(4) provides: "The rate of interest shall be nine (9%) per centum per annum on – money due or to become due where there is a contract and no rate is specified." *Hartford* does not reference a contract rate. In the absence of such a discussion and the direct application of Section 951, the Court surmises that the insurance contract before the *Harford* court failed to specify an interest rate. In the matter at bar, the insurance contract contains a provision concerning interest and the amount of interest. Therefore, Defendant's reliance upon the holding in *Hartford* is misplaced as *Hartford* is distinguishable from the matter currently before the Court.

As Plaintiff demonstrates in its opposition to said Defendant's motion (Docket No. 30), paragraph numbered 14 of the policy at issue, titled "Payment Options" outlines the procedure for payment of proceeds, in which an interest rate is specified. Said Defendant, in his reply, contends that the stated rate does not apply because none of the payment

---

1. Plaintiff moves to dismiss said Defendant's motion, contending that the Court's entry of Final Decree of Interpleader rendered said motion moot. However, the Final Decree directed Plaintiff to deposit the proceeds plus interest with the Court, but failed to specify the amount of or the rate of interest. Consequently, the issue of the amount or calculation of prejudgment interest has not yet been determined, and the Court will deny Plaintiff's motion.

options described were "elected" by the beneficiaries. In his eagerness to declare the provisions inapplicable, however, said Defendant overlooks the statement contained in the subparagraph titled, "Payment of Proceeds. Payment": "If no Payment Option is chosen, We [sic] will pay interest on the Proceeds from the Option Date to the date of payment. The interest rate will be that being paid on Payment Option 4 on the Option Date." The subparagraph titled "Payment Option 4. – Proceeds Left at Interest" provides that "[i]nterest will be at the rate of at least 2.75% a year." The Court finds the language clear and unambiguous. No payment option was chosen. Because no payment option was chosen, the subparagraph stating that the insurer will pay interest at a rate of at least 2.75% applies.

Based upon the foregoing, the Court finds that the insurance contract contains a specific rate of interest. Because an interest rate is specified in the insurance contract, V.I. Code Ann. tit. 11 § 951 does not apply. Consequently, the beneficiaries are not entitled to prejudgment interest at the rate of 9% per annum. Plaintiff is obligated to pay prejudgment interest at the rate of 2.75% a year.

Accordingly, it is now hereby **ORDERED**:

1. Defendant A.E.S.'s Motion For Partial Summary Judgment Re Prejudgment Interest (Docket No. 28) is **DENIED**.

2. Defendants Cindee Sheridan, O.R.S., A.K.S., and T.J.S.'s Motion For Joinder (Docket No. 32) is **GRANTED**.

3. Motion of Plaintiff to Dismiss Defendants' Motion For Partial Summary Judgment Re Prejudgment Interest (Docket No. 34) is **DENIED**.

ENTER:

Dated: April 15, 2010 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE