**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MIDLAND NATIONAL LIFE INSURANCE COMPANY,** | |
| Plaintiff, | 1:09-cv-8 |
| v. | |
| **CINDEE SHERIDAN, O.R.S., a minor, A.K.S, a minor, T.J.S., a minor, A.E.S., a minor,** | |
| Defendants, | |

TO: Bruce P. Bennett, Esq.
Martial A. Webster, Sr., Esq.
Edward L. Barry, Esq.

## ORDER

THIS MATTER is before the Court upon Motion of Plaintiff For Costs and Attorney's Fees (Docket No. 36). Defendant A.E.S. filed a response to said motion, in which Defendants Cindee Sheridan, O.R.S., A.K.S., and T.J.S. joined. Plaintiff filed a reply thereto, as well as separately filed an affidavit, with exhibit, in support of the motion.

Plaintiff moves for an award of costs and attorney's fees pursuant to V.I. Code Ann. tit. 5 § 541 and Fed. R. Civ. P. 54(d). The costs allowed by Section 541 of the Virgin Islands

Code are limited.[1] Rule 54, on the other hand, states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As other courts have found, "the application of federal law governs the issue of the recoverability of trial costs in federal court." *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991); *see also, e.g.*, *Riofrio Anda v. Ralston Purina Co.*, 772 F. Supp. 46, 54 (D. Puerto Rico 1991) ("taxation of costs [in federal court] are governed by Rule 54(d) of the Federal Rules of Civil Procedure") (citations omitted)).

Plaintiff has claimed costs in the amount of $250.00. As the prevailing party, Plaintiff is entitled to an award of $250.00 for its costs.

---

1. Section 541 provides, in relevant part:

> (a) Costs which may be allowed in a civil action include:
>
> (1) Fees of officers, witnesses, and jurors;
>
> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
>
> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
>
> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
>
> (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
>
> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. Code Ann. tit. 5 § 541(a).

Attorney's fees, in contrast, are available, in the context presented by this matter, pursuant only to Section 541. Subsection b of Section 541 provides, in pertinent part: "[T]here shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." V.I. Code Ann. tit. 5 § 541(b). Thus, the statute gives the Court wide discretion in determining whether and to what extent the prevailing party may be indemnified. *Smith v. Government of Virgin Islands*, 361 F.2d 469, 471 (3d Cir. 1966).

This Court previously has held:

> To determine a fair and reasonable award of attorney's fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation. *Lempert v. Singer*, 29 V.I. 169, 172-73 (D.V.I.1993) (citation omitted); *see also Morcher v. Nash*, 32 F.Supp.2d 239, 241 (D.Vi.1998) [sic]. Reasonable attorney's fees may include charges for work that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *see also Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir.1993) (noting that reasonable attorney's fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

*FirstBank Puerto Rico v. Connor*, Civil No. 2008-91, 2009 WL 2515729 at *1 (D.V.I. August 11, 2009) (slip copy). In addition, the "'[c]ourt should consider, among other things, the novelty and complexity of the issues presented in that case." *Banco Popular de Puerto Rico*

*v. Paradise Motors, Inc.*, Civil No. 2004-162, 2008 WL 4222085 at *2 (September 5, 2008) (quoting *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F.Supp. 459, 463 (D.V.I.1991)).

By applying the standards articulated above, the Court finds that the request for $6,775.00 for attorney's fees is excessive. The Court finds that, as Plaintiff concedes, "this matter [was] not complex, nor even particularly adversarial." Motion at 4. The Court will reduce the fee award accordingly and finds that $875.00 is a reasonable amount.

Consequently, Defendants shall be liable to Plaintiff for costs and attorney's fees in the amount of $1,125.00.

Based upon the foregoing, it is now hereby **ORDERED**:

1. Motion of Plaintiff For Costs and Attorney's Fees (Docket No. 36) is **GRANTED**.

2. Defendants shall pay to Plaintiff the sum of **$1,125.00**, as reimbursement for Plaintiff's costs and attorney's fees.

ENTER:

Dated: June 4, 2010 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE